**NOT FOR PUBLICATION**

**FILED**

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL LOPEZ GALLARDO, | No.   16-70822 |
| Petitioner, | Agency No. A079-651-943 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Manuel Lopez Gallardo, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Najmabadi v. Holder*, 597

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Lopez Gallardo has waived any challenge to the agency's denial of cancellation of removal. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

Under the particular circumstances of this case, the BIA did not err or violate due process when it did not address Lopez Gallardo's appellate contention regarding the opportunity to apply for asylum and related relief. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). In the brief he submitted to the BIA, this contention refers to an applicant with a different name, who would allegedly face persecution upon deportation to Jamaica on account of mental illness and his resultant membership in a disfavored group. In addition, the record indicates that Lopez Gallardo, after consulting with counsel, chose not to apply for asylum or related relief before the IJ.

We lack jurisdiction to consider Lopez Gallardo's unexhausted contentions that the IJ deprived him of his right to counsel and did not sufficiently inquire into his fear of returning to Mexico. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir.

2010) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.